IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSUE RIVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00393-N |
| | § | |
| SCHNEIDER NATIONAL CARRIERS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses several discovery-related motions. First, the Order addresses Defendant Schneider National Carriers, Inc.'s ("Schneider") motion for protection from Plaintiff Josue Rivas's corporate representative deposition [40] and Rivas's motion to compel the same [42]. Second, the Order addresses Rivas's motion to quash Defendants Schneider and Mohammed Guarraz's deposition by written questions and subpoenas to AGG Medical [41] and Defendants' motion to compel the same [45]. For the following reasons, the Court grants Rivas's motion to compel the corporate representative deposition. Further, the Court grants in part and denies in part Defendants' motion to compel the deposition by written questions and subpoenas to AGG Medical.

### I. ORIGINS OF THE DISPUTE

This case arises from a car accident involving Rivas and Guarraz, who at the time of the accident was acting in the course and scope of his employment with Schneider. Defs.' Stip. 1 [39]. Rivas alleges that Guarraz made an improper right turn while operating

MEMORANDUM OPINION AND ORDER – PAGE 1

a Schneider tractor-trailer and struck Rivas's car, causing him painful and debilitating injuries. Pl.'s Orig. Pet. ¶ 5.1 [1-3]. He is suing Guarraz for "negligence and/or negligence *per se*" and suing Schneider under theories of both direct negligence and vicarious liability. *Id.* ¶¶ 6.1, 7.1.

Schneider moves for protection from several topics in Rivas's corporate representative deposition notice, Def.'s Mot. Protection 8 [40], and Rivas moves to compel Schneider's corporate representative to testify on those topics. Pl.'s Mot. Compel 6–7 [42]. The parties independently resolved a number of the disputed deposition topics, but Topics 1, 5, 14, and 15 remain in dispute. *Id.* at 1–2. Additionally, Rivas moves to quash or limit Requests 1, 4(a), 8, and 12–19 of Defendants' deposition by written questions and subpoenas to AGG Medical, a medical factoring company that purchased title to Rivas's accounts receivable for his medical expenses. Pl.'s Mot. Quash 3 [41]; Defs.' Mot. Compel 1 [45]. Defendants move to compel these requests. Defs.' Mot. Compel 7. This Order addresses the remaining disputed deposition topics and subpoena requests.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

MEMORANDUM OPINION AND ORDER – PAGE 2

894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of the proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS RIVAS'S MOTION TO COMPEL

The parties dispute whether Schneider's corporate representative must testify on Topics 1, 5, 14, and 15 of Rivas's amended deposition of Schneider's corporate representative. The Court considers the deposition topics in dispute below.

#### A. Topic 1

Topic 1 is "Mohammed Guarraz's application for employment and qualification and/or personnel file." Pl.'s Am. Depo. Notice 2 [42-1]. Schneider argues that because it stipulated that Guarraz was acting in the course and scope of his employment when the accident happened, Topic 1 is not relevant. Def.'s Mot. Protection ¶¶ 10–11. Schneider, as the party resisting discovery, must show specifically how this topic is irrelevant. *See McLeod*, 894 F.2d at 1485. To satisfy this burden, Schneider must show that "the information sought can have no possible bearing on the claim or defense of a party."

MEMORANDUM OPINION AND ORDER – PAGE 3

*SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). Here, Schneider has not shown that Topic 1 has no bearing on Rivas's claims; Guarraz's personnel file could have bearing on Rivas's direct negligence claims against both Schneider and Guarraz and on Guarraz's credibility. Accordingly, the Court grants Rivas's motion to compel Schneider's corporate representative to testify on Topic 1.

### B. Topic 5

Schneider also seeks protection from Topic 5, which is Schneider's "accident investigation policies in place at the time of the incident subject to this matter." Pl.'s Am. Depo. Notice 2. Schneider objects to Topic 5 as irrelevant and overly broad because it does not shed light on "whether the negligence of Guarraz or [Rivas] proximately caused the accident . . . ." Def.'s Mot. Protection ¶ 13. First, like with Topic 1, the Court finds that Schneider has not met its burden of showing that Topic 5 has no bearing on Rivas's claims. Second, the Court determines that Schneider has not shown specifically how it is overly broad. Accordingly, the Court grants Rivas's motion to compel Schneider's corporate representative to testify on Topic 5.

### C. Topics 14 & 15

Topic 14 is any "disciplinary action taken against Mohammed Guarraz's [sic] while driving for Schneider [] pertaining to his driving conduct." Pl.'s Am. Depo. Notice 3. And Topic 15 is Schneider's "contentions for responsibility in causing the incident made the basis of this lawsuit." *Id.* Schneider objects to these topics as protected by work-product privilege "to the extent they seek testimony regarding an investigation conducted in anticipation of litigation." Def.'s Mot. Protection ¶ 17. The Court finds that Topics 14

MEMORANDUM OPINION AND ORDER – PAGE 4

and 15 are relevant and discoverable, and thus grants Rivas's motion to compel Schneider's corporate representative to testify on them. During the deposition, Schneider may assert privilege to individual questions.

### IV. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION TO COMPEL

Rivas moves to limit or quash portions of Defendants' deposition by written questions and subpoenas to AGG Medical. Specifically, Rivas objects to Requests 1, 4(a), 8, and 12–19. Defendants move to compel AGG Medical to produce documents that are responsive to these requests. The Court analyzes the subpoena requests in dispute below.

#### A. Request 1

Request 1 is for all of Rivas's medical records and bills from January 1, 2017, to the present. Defs.' Depo. Notice 10 [41-1]. Rivas asks for the Court to limit Request 1 to the period from the date of the car accident, May 17, 2021, to the present. Pl.'s Mot. Quash 7. The Court finds that Rivas's medical records and bills from May 17, 2019, to the present are relevant and proportional to the needs of the case. *See Bergenholtz v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 12289164, at *3 (N.D. Tex. 2021) (limiting discovery of medical records in car-accident case to period prior to the accident to the present). Accordingly, the Court orders AGG Medical to produce Rivas's medical records from May 17, 2019, to the present.

#### B. Request 4(a)

Request 4(a) includes all communications between AGG Medical and Jim S. Adler & Associates ("Jim S. Adler") — the law firm representing Rivas —

MEMORANDUM OPINION AND ORDER – PAGE 5

including those "related to medical treatment or services rendered in connection with this lawsuit or Josue Rivas and/or any prior lawsuit or in connection with any prior expert testimony regarding [Rivas] or any other Plaintiff in any lawsuit in" Dallas or Tarrant County or the Northern District of Texas, Dallas Division. Defs.' Depo. Notice 11. Rivas moves for the Court to limit Request 4(a) to communications regarding Rivas and from the date of the car accident to the present. Pl.'s Mot. Quash 7. The Court agrees with Rivas that communications between AGG Medical and Jim S. Adler regarding clients other than Rivas are not relevant to the claims or defenses of the parties. And the Court finds that the communications between AGG Medical and Jim S. Adler regarding Rivas from May 17, 2019, to the present are relevant. Accordingly, the Court orders AGG Medical to produce all communications between itself and Jim S. Adler regarding Rivas from May 17, 2019, to the present.

### C.  Requests 8 and 12–19

Requests 8 and 12–19 relate to the business relationship between AGG Medical and Jim S. Adler, including documents regarding marketing materials, other clients' cases, income sharing, and referral processes. *See* Defs.' Depo. Notice 13–15. Rivas moves to quash these requests, arguing that they are not related to this case. Pl.'s Mot. Quash 5–7. The Court determines that Requests 8 and 12–19 have no bearing on the claims or defenses of the parties and thus grants Rivas's motion to quash them.

### CONCLUSION

The Court grants Rivas's motion to compel the corporate representative deposition and denies Schneider's motion for protection from the same; Schneider's corporate

MEMORANDUM OPINION AND ORDER – PAGE 6

representative must testify on Topics 1, 5, 14, and 15.  Further, the Court grants in part and denies in part Defendants' motion to compel the deposition by written questions and subpoenas to AGG Medical and grants in part and denies in part Rivas's motion to quash the same.  Accordingly, the Court orders AGG Medical to produce all documents from May 17, 2019, to the present that are responsive to Request 1 and all documents regarding Rivas from May 17, 2019, to the present that are responsive to Request 4(a).  And the Court quashes Requests 8 and 12–19.

Signed December 10, 2024.

David C. Godbey
Chief United States District Judge